[No. 12890–0–II.   Division Two.   April 18, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH WILLIAM WILSON, *Appellant.*

*John J. Sinclair*, for appellant (appointed counsel for appeal).

*H. Stewart Menefee, Prosecuting Attorney*, and *James P. Hagarty* and *Charles Z. Silverman, Deputies*, for respondent.

PETRICH, J.—In 1989, Joseph Wilson was convicted of one count of statutory rape in the second degree, former RCW 9A.44.080[1] and one count of indecent liberties, former RCW 9A.44.100(1)(b).[2] On appeal, he argues that the trial court erred in admitting evidence that he physically assaulted the victim and that a witness, Billie Wilson, made a prior false statement under oath, which was at variance with her trial testimony. We affirm.

---

[1] **"Statutory rape in the second degree.** (1) A person over sixteen years of age is guilty of statutory rape in the second degree when such person engages in sexual intercourse with another person, not married to the perpetrator, who is eleven years of age or older but less than fourteen years old." Former RCW 9A.44.080 (Laws of 1979, 1st Ex. Sess., ch. 244, § 5).

[2] **"Indecent liberties.** (1) A person is guilty of indecent liberties when he *knowingly causes another person who is not his spouse to have sexual contact with him or another:*
    ". . . .
    "(b) When the other person is less than fourteen years of age . . .". Former RCW 9A.44.100 (Laws of 1986, ch. 131, § 1).

At trial, the victim testified that when she was 13 years old, she moved in with her sister, Billie Wilson, and her sister's then boyfriend, Joseph Wilson. After about a week, Wilson started molesting the victim. Initially, he did not threaten or assault her. However, as the sexual abuse escalated to sexual intercourse, Wilson began hitting her, kicking her with his steel–toed boots, and digging his fingers into her face. The physical abuse never occurred at the same time as the sexual abuse. However, the victim testified that she was afraid to leave Wilson's home because she feared him and because he threatened to find her if she ever left. The physical abuse continued until the victim was age 15, when she left after a serious beating.

The victim's cousin, Rob Wood, and her aunt, Lucille Wood, corroborated the victim's testimony about the assaults.

Mrs. Billie Wilson testified that Joseph Wilson lived with her during the time of the alleged sexual abuse. However, she admitted that she had previously stated under oath that Wilson did not live with her during the time in question.

Wilson denied that he ever sexually abused the victim; however, the jury convicted him on both counts.

## EVIDENCE OF PHYSICAL ASSAULTS

First, Wilson claims that the evidence of the physical assaults was not relevant under ER 401[3] and ER 402[4]

---

[3]ER 401:

**"DEFINITION OF 'RELEVANT EVIDENCE'**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[4]ER 402:

**"RELEVANT EVIDENCE GENERALLY ADMISSIBLE;**
**IRRELEVANT EVIDENCE INADMISSIBLE**

"All relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided by statute, by these rules, or by other rules or regulations applicable in the courts of this state. Evidence which is not relevant is not admissible."

because he was charged with statutory rape in the second degree and with indecent liberties, not with assault.

The trial court ruled that the evidence was admissible to explain why the victim submitted to the sexual abuse and failed to report or escape it, to rebut the implication that the molestation did not occur and to show Wilson's intent to dominate the victim and create an environment in which he could sexually abuse her, *i.e.*, to show that the physical abuse was part of a larger scheme or plan of sexual abuse.

The admission or exclusion of relevant evidence is within the discretion of the trial court and its decision will not be reversed absent a showing of manifest abuse of discretion. *State v. Jones*, 95 Wn.2d 616, 628, 628 P.2d 472 (1981).

The evidence of the physical assaults was relevant to rebut the evidence presented by Wilson and other witnesses that the sexual abuse did not occur. That testimony would have gained unwarranted credibility had the court prevented the victim from testifying that she never reported the abuse and was unable to resist or escape the abuse out of fear of Wilson. The evidence is relevant because it tends to make the existence of a material fact, that Wilson sexually abused the victim, more probable. As we find the evidence relevant for this purpose, we need not address the trial court's other reasons for admissibility.

Wilson also claims that the testimony of the victim and of Lucille and Rob Wood regarding the physical assaults caused confusion and unfair prejudice, violating ER 403.[5] The trial court has broad discretion in balancing the evidence under ER 403 and we will not overturn absent manifest abuse of discretion. *State v. Hughes*, 106 Wn.2d 176, 201, 721 P.2d 902 (1986). Here, Wilson fails to show

---

[5]ER 403: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

that prejudice or confusion outweighed the probative value of the evidence.

Finally, Wilson claims the evidence was inadmissible under ER 404(b).[6] However, evidence of the assaults was offered to show something other than that Wilson had a violent character or to show that he acted in conformity with that character. We agree with the trial court that it was admissible to explain the delay in reporting the sexual abuse and to rebut the implication that the molestation did not occur. The trial court did not abuse its discretion in admitting evidence that Wilson physically abused the victim.

### EVIDENCE OF SPECIFIC BAD ACTS

Next, Wilson contends that the trial court erred under ER 404(b) and ER 608(b) in allowing the State to impeach the defendant's wife, Billie Wilson, by asking her about a prior false statement made under oath. Billie Wilson testified for the defense that she was unaware of any incident of abuse; that Wilson resided in her household at the time of the alleged sexual abuse and, therefore, she would have known had such abuse occurred. The State impeached Billie Wilson by eliciting her admission that she had previously stated under oath, on Department of Social and Health Services financial assistance forms, that her husband was not a member of her household at the time in question.

ER 404(b) applies only to prior misconduct offered as substantive evidence. *See* 5A K. Tegland, Wash. Prac., *Evidence* § 114 (3d ed. 1989). Wilson's residency was not at issue. Therefore, admissibility is governed by ER 608(b) because the prior misconduct (an admittedly false statement under oath inconsistent with trial testimony) was

---

[6]ER 404(b): "**Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

offered for the limited purpose of impeachment. *See* 5A K. Tegland, Wash. Prac., *Evidence* § 114 (3d ed. 1989).

ER 608(b) states:

> **Specific Instances of Conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness (1) concerning his character for truthfulness or untruthfulness . . ..

This rule is identical to Fed. R. Evid. 608(b) and appears to change the prior Washington case law that made acts of misconduct not the subject of a prior conviction inadmissible for impeachment purposes. *See* Comment, ER 608(b); *State v. Emmanuel*, 42 Wn.2d 1, 13, 253 P.2d 386 (1953).

The federal courts allow cross examination into specific instances of conduct bearing on the credibility of the witness.[7] *See, e.g., United States v. Terry*, 702 F.2d 299, 316 (2d Cir.) (trial court did not err in allowing the government to cross–examine the defendant's voice expert about prior occasions when the expert's testimony in other cases had been criticized by the court as unworthy of belief; proof that witness had "guessed under oath" was probative of the weight to be accorded his testimony), *cert. denied sub nom. Guippone v. United States*, 464 U.S. 992, 78 L. Ed. 2d 680, 104 S. Ct. 482 (1983); *United States v. Reid*, 634 F.2d 469, 473 (9th Cir. 1980) (defendant placed his credibility at issue when he took the witness stand; cross examination of defendant concerning his own false statements in a letter was "entirely proper to impeach appellant's general credibility" under rule 608(b)), *cert. denied*, 454 U.S. 829, 70 L. Ed. 2d 105, 102 S. Ct. 123 (1981); *United States v. Bright*, 630 F.2d 804, 817 (5th Cir. 1980) (no abuse of discretion in

---

[7]"Federal case law interpreting a federal rule adopted by the state is probative of the proper construction of the state rule." *State v. Fitzgerald*, 39 Wn. App. 652, 658 n.1, 694 P.2d 1117 (1985).

permitting cross examination concerning pending state fraud charge against witness).

However, there are limits to this rule. The instances must be probative of truthfulness and not remote in time; further, the court should apply the overriding protection of ER 403 (excluding evidence if its probative value is outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury) and of ER 611(a) (prohibiting harassment and undue embarrassment). Fed. R. Evid. 608(b) advisory committee note.

■ Washington case law allows cross examination under ER 608(b) to specific instances that are relevant to veracity. *See State v. Cummings*, 44 Wn. App. 146, 152, 721 P.2d 545, *review denied*, 106 Wn.2d 1017 (1986). "Any fact which goes to the trustworthiness of the witness may be elicited if it is germane to the issue." *State v. York*, 28 Wn. App. 33, 36, 621 P.2d 784 (1980).

Here, evidence of Mrs. Wilson's prior false statement under oath was relevant to veracity. It was also germane to the issue of sexual abuse because Billie Wilson testified that Wilson could not have committed sexual abuse. Further, her credibility was important because her testimony corroborated that of the defendant. The prior false statement fit within the parameters of ER 608(b) and its admission was well within the trial court's discretion.

Wilson also argues that even if the testimony was admissible, the court erred in allowing the State to ask its questions in such detail. The State asked Billie Wilson many questions about the Department of Social and Health Services forms, showing that she filled out the documents under penalty of perjury, that she failed to list Wilson as a member of her household, that she never filled out a "change of circumstances" form, and that she affirmatively misrepresented Wilson as her baby–sitter. The probative value of these questions outweighs any cumulative or prejudicial effect since they demonstrate the extent to which

Billie Wilson could be untruthful. The trial court did not abuse its discretion in admitting the evidence.
Affirmed.

WORSWICK, C.J., and ALEXANDER, J., concur.