[No. 37871-6-I.   Division One.   August 11, 1997.]
THE STATE OF WASHINGTON, *Respondent*, v. DAIDRE
KIMP, *Appellant*.

*Eric J. Nielsen, James R. Dixon,* and *Nielsen, Broman & Associates, P.L.L.C.,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert A. Knief, Deputy,* for respondent.

GROSSE, J. — Since Daidre Kimp did not testify, we reject her claim that the trial court erred by ruling that the prosecutor could impeach her under ER 608(b)(1), which allows cross-examination about specific instances of conduct bearing on the credibility of the witness. Meaningful review of an in limine decision cannot exist if the witness did not testify and was not actually impeached. By not testifying, Kimp has not preserved any error, and, accordingly, we affirm her conviction.

## FACTS

The State charged Kimp with two counts of assault after Kimp was alleged to have hit and kicked two women in an altercation involving several people. At trial, three witnesses testified as to the events of the fight with slightly varying stories.

In a motion in limine, the prosecutor requested to cross-examine Kimp, should she testify, about her alleged unauthorized use of a credit card approximately two weeks before the fight. In this incident, she took her supervisor's credit card without permission and used it in several stores, signing her supervisor's name. According to the prosecutor, in her police file there was a statement in which she admitted to the acts. Since she had not yet been charged or convicted of the offense, the prosecutor moved under ER 608 to admit the evidence. After the State presented its witnesses, the trial court ruled:

> I believe that there has been a sufficient showing in this instance that this incident is not remote in time. It is probative of truthfulness. I do believe that it is prejudicial, but I don't believe that it is unfair prejudice if the witness takes the stand. The finder of fact should be able to know the considerations in terms of weighing and balancing the testimony that has been proffered.

The trial court limited the potential question to whether she told the police about the incidents. Stating that she was not going to testify because of the court's ruling,

Kimp's counsel made an offer of proof of Kimp's testimony, claiming she would testify that she did not hit one of the victims and that she struck the other victim in self-defense. Kimp did not testify. The jury found her guilty of assault in the fourth degree for one victim and acquitted Kimp of assault in the second degree on the other alleged victim. Kimp appeals.

## DISCUSSION

Although neither party raised this issue and provided no Washington cases directly on point, we must first resolve whether Kimp preserved her error for appeal when she did not testify. Rule 608(b)(1) governs the admissibility of evidence used to attack or support a witness' credibility. Such evidence may only be broached during cross examination. ER 608(b) provides in part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

Washington courts apparently have not considered whether a witness must testify in order for a defendant to appeal a trial court's ER 608 ruling. However, our Supreme Court in *State v. Brown* required a defendant to testify in order to appeal a trial court's ruling that the State could impeach using ER 609(a) prior conviction evidence.[1] The *Brown* court also emphasized that an offer of proof as to the substance of a defendant's testimony is insufficient to preserve the error.[2]

The *Brown* court followed *Luce v. United States* in which

[1] *State v. Brown*, 113 Wn.2d 520, 540, 782 P.2d 1013, 787 P.2d 906 (1989).

[2] *Brown*, 113 Wn.2d at 540.

the Supreme Court held that an in limine ruling allowing impeachment by use of a prior conviction is not reviewable on appeal unless the defendant testifies.[3] *Luce* recognized that an appellate court could not review a trial court's balancing of probative value and prejudice without reference to the witness' actual testimony, nor could the appellate court determine whether the error was harmless without the full record. *Luce* also rested on the fact that the failure of the defendant to testify renders any harm flowing from the ruling totally speculative because it would be uncertain whether the impeaching evidence would even be offered.[4] Several federal circuits have applied the *Luce* reasoning to Rule 608(b) situations.[5]

■ In Washington, in order to admit ER 608 evidence, the court must balance the probative value of the conduct against the danger of undue prejudice:

> The instances must be probative of truthfulness and not remote in time; further, the court should apply the overriding protection of ER 403 (excluding evidence if its probative value is outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury) and of ER 611(a) (prohibiting harassment and undue embarrassment).[6]

To evaluate the danger of undue prejudice posed by prior misconduct evidence, the trial court needs to consider the substance of the witness' testimony. Similarly, to evaluate the trial court's decision, the appellate court needs to review both the witness' testimony and the impeaching evidence. Necessarily, there cannot be any meaningful review of a ER 608(b) claim unless the witness has testi-

---

[3]*Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).

[4]*Luce*, 469 U.S. at 41.

[5]*E.g. United States v. Sanderson*, 966 F.2d 184, 189-90 (6th Cir. 1992); *United States v. Weichert*, 783 F.2d 23, 25 (2d Cir.), *cert. denied*, 479 U.S. 831 (1986); *United States v. DiMatteo*, 759 F.2d 831, 832-33 (11th Cir.), *cert. denied*, 474 U.S. 860 (1985).

[6]*State v. Wilson*, 60 Wn. App. 887, 893, 808 P.2d 754, *review denied*, 117 Wn.2d 1010 (1991).

fied. Here, because Kimp did not testify, she has not preserved her error.

Kimp claims that the trial court's ruling impinged on her right to testify on her own behalf. Applying *Brown*, we disagree. The *Brown* Court did not find any constitutional bar to following the *Luce* rule.[7] The Court did not believe that it was overly burdensome on the right to testify to require a defendant to decide whether to testify after an in limine ruling allowing impeachment evidence.[8] Accordingly, we affirm her conviction.

WEBSTER and COX, JJ., concur.

Reconsideration denied September 18, 1997.

Review denied at 134 Wn.2d 1020 (1998).

---

[7]*Brown*, 113 Wn.2d at 539.

[8]*Brown*, 113 Wn.2d at 538-40.