IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32153-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MADERIOUS LAVON CASH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — This appeal concerns an all too common incident of domestic violence. A jury acquitted Maderious Cash of assault in the second degree, but convicted him of assault in the fourth degree and unlawful imprisonment. The victim was his companion, Maryiah Wright. On appeal, Cash contends the trial court denied him a fair trial when it allowed the State to elicit evidence of prior acts in violation of ER 404(b). Because evidence of earlier assaults rebutted Cash's argument that Wright's delay in reporting the charged assault showed she fabricated a story, we affirm Maderious Cash's conviction.

FACTS

On Friday night, February 22, 2012, Maderious Lavon Cash and Maryiah Wright, who lived together, argued. Cash physically moved close to Wright; she pushed him away. Cash grabbed Wright under her armpits and held her against the wall. Wright pushed free, but Cash grabbed and held Wright in a bear hug with her arms pinned to her

sides. In defense, Wright bit Cash's ear drawing blood. Cash punched Wright in the face several times causing her left eye to swell, her lip to split, and her mouth to bleed.

On that Friday night, Maryiah Wright washed blood from her mouth in the bathroom and then followed Maderious Cash toward the bedroom. Wright never entered the bedroom, but instead pivoted and ran toward the front door. Cash caught Wright and tackled her to the floor. Wright screamed for help. Cash choked Wright's throat with both hands.

Maderious Cash dragged Maryiah Wright by her hair, back toward their bedroom. Wright twisted Cash's finger to break free. Cash kicked Wright in her head. Cash again grabbed Wright by the hair. Wright bit Cash's finger. The attack then ended.

That night, Maryiah Wright and Maderious Cash slept in the same bed. Wright remained in the house Saturday and most of Sunday. At trial, Wright testified that she failed to report the assault until after the weekend because of fear of reporting Cash in his presence and because of reluctance to have Cash punished.

On Monday, Maryiah Wright attended work where she spoke with her uncle, who is also her boss, about the assault. Wright decided to move from her home. She called 911 and requested an officer to accompany her while she removed belongings from the house.

Clark County Sheriff Deputy Cynthia Bull met with Maryiah Wright on Monday,

2

February 25. Bull saw bruising on Wright's face. The deputy took photographs of Wright's injuries, and then accompanied Wright to the house to help remove Wright's property.

PROCEDURE

The state of Washington charged Maderious Cash by information with unlawful imprisonment and assault in the second degree. At Cash's request, the court permitted the jury to consider fourth degree assault as a lesser included offense to second degree assault. Before trial, the State moved to admit evidence of three prior incidents of domestic violence between Cash and Maryiah Wright. The State moved to admit these prior acts, under ER 404(b), for four reasons (1) to explain why Wright waited three days to report the incident, (2) to show a common scheme or plan, (3) to allow the jury to assess Wright's credibility, and (4) to illuminate the dynamics of the relationship between Cash and Wright.

Maderious Cash objected to evidence of the prior acts. Cash argued the State could explain why Maryiah Wright waited three days to report the assault without referencing the prior acts. Cash also argued that the evidence of prior acts was more prejudicial than probative.

Before ruling, the trial court heard, in an offer of proof, testimony of Maryiah Wright, concerning the earlier assaults. When ruling the testimony of prior acts

3

admissible, the trial court first noted that he must find by a preponderance of the evidence that the prior acts occurred. The trial court so found. The court noted similarities between the February 22 attack and the earlier assaults. The trial court then stated it must weigh and balance the evidence's probative value versus its prejudicial effect. The court found the evidence similar to evidence allowed in reported decisions, specifically *State v. DeVincentis*, 150 Wn.2d 11, 17, 74 P.3d 119 (2003). The court ruled the evidence admissible to show a common plan or scheme, because the prior acts were "almost identical" to the assault charged. Report of Proceedings (RP) at 86.

The trial court offered Maderious Cash an opportunity to provide the jury a limiting instruction. When offering the instruction, the trial court commented that the instruction could reference that he is allowing testimony of earlier attacks to explain Maryiah Wright's delay in reporting and a common plan or scheme. Cash refused the limiting instruction.

Maryiah Wright testified, before the jury, to three prior assaults at the hands of Maderious Cash. In the autumn of 2011, while Cash and Wright lived in a tent park, the two argued. Wright tried to leave. Cash pulled her to the ground, hit her, and choked her while she screamed. Cash exited the tent, collapsed the tent on Wright, and kicked her through the tent canvass.

The second assault occurred in January 2012, in the bedroom of the couple's

4

home. Maryiah Wright testified, at trial, that during an argument Maderious Cash ripped off her shirt and hit her three or four times.

The third beating occurred in early February 2012, also in the bedroom. Maderious Cash hit Maryiah Wright in the face and ripped off her shirt. Cash struck Wright again, knocked her to the floor, placed his hands on her neck, and choked her.

Following the State's presentation of its case at trial, Maderious Cash rested without submitting rebuttal evidence. In his closing, Cash argued that Wright fabricated details of the altercation; and that Wright was the initial aggressor, such that he acted in self-defense. Cash also argued that Wright exaggerated the incident to police in order to gain assistance in retrieving her belongings.

The jury found Maderious Cash not guilty of assault in the second degree, guilty of assault in the fourth degree, and guilty of unlawful imprisonment. The jury did not find that the crimes committed were aggravated domestic violence offenses. The trial court sentenced Cash to 22 months' confinement, suspended for appeal, with 67 days' credit for time served.

## LAW AND ANALYSIS

### Prior Misconduct

On appeal, Maderious Cash seeks a new trial on the ground that the trial court erred when it admitted Maryiah Wright's testimony about the three earlier confrontations.

ER 404(b) controls evidentiary rulings concerning other wrongful conduct of a defendant. The rule reads:

> (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

ER 404(b) should be read with the familiar ER 403, which excludes relevant evidence because of its prejudicial impact. The latter rule reads:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This court reviews de novo the trial court's legal interpretation of ER 404(b). *State v. Fisher*, 165 Wn.2d 727, 745, 202 P.3d 937 (2009). When the trial court correctly interprets ER 404(b), this court reviews the trial court's admission of prior misconduct for an abuse of discretion. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). When a trial court's exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons, an abuse of discretion exists. *Powell*, 126 Wn.2d at 258.

The law resists criminal convictions based upon the trier of fact's view that the defendant is a bad person or has a history of bad conduct. Therefore, the trial court must begin with the presumption that evidence of prior misconduct is inadmissible.

*DeVincentis*, 150 Wn.2d at 17. However, when demonstrated, such evidence may be admissible for purposes "'such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *Powell*, 126 Wn.2d at 258 (quoting ER 404(b)). Before the trial court admits evidence of prior misconduct under ER 404(b), it must (1) find by a preponderance of the evidence that the prior misconduct occurred, (2) identify the purpose for admitting the evidence, (3) determine the relevance of the evidence to prove an element of the crime, and (4) weigh the probative value of the evidence against its prejudicial effect. *Fisher*, 165 Wn.2d at 745; *DeVincentis*, 150 Wn.2d at 17. The latter factor inserts an ER 403 examination into an ER 404(b) analysis.

The trial court must conduct the ER 404(b) analysis on the record. *State v. Asaeli*, 150 Wn. App. 543, 576 n.34, 208 P.3d 1136 (2009). A record facilitates appellate review and ensures that the trial judge thoughtfully considers the issue. *State v. Pirtle*, 127 Wn.2d 628, 651, 904 P.2d 245 (1995). Nevertheless, if the record shows that the trial court adopted a party's arguments as to the purpose of the evidence and as to the weighing of probative and prejudicial value, the trial court's failure to conduct its full analysis on the record is not reversible error. *Asaeli*, 150 Wn. App. at 577.

*Analysis on the Record*

Maderious Cash first contends that the trial court failed to conduct an ER 404(b) analysis on the record. Cash is correct that the court did not expressly conduct the four-

factor ER 404(b) analysis on the record. The trial court did not explicitly articulate the four factors. We conclude, however, that any error does not warrant reversal.

*Pirtle* is a controlling decision. A Spokane County jury convicted Blake Pirtle of two counts of aggravated murder and imposed the death sentence. Pirtle killed two Burger King employees after robbing the restaurant. On appeal, Pirtle maintained that the trial court erred in admitting his guilty plea for felony assault in Montana as evidence of motive under ER 404(b). The State's theory was that Pirtle had a motive to kill any witnesses who could identify him as the perpetrator of the robbery because he had a conviction pending in Montana, for which the sentence might be increased if he was linked to a robbery in Washington. The State argued motive was relevant because Pirtle testified and denied premeditation. The court agreed that the existence of a motive to conceal the robbery was relevant to whether there was premeditation. Blake Pirtle primarily argued that the trial court failed to carefully consider the prejudicial effect of the Montana evidence against its probative value under ER 403. In admitting the evidence, the trial court declared:

> [T]he testimony with respect to motive in any case has great probative value, and the prejudice here to the defendant is significant, but the value of the testimony that's been offered in this particular case has far greater probative value than that. It clearly outweighs the prejudice to the defendant, and for that reason, it will be admitted.

*Pirtle*, 127 Wn.2d at 650.

The *Pirtle* court concluded that the trial court's weighing was sufficient, since the trial court's statement immediately followed extensive arguments by both sides with regard to the ER 403 balance. The record established that the court agreed with the prosecutor and so the trial court did not need to reiterate the prosecutor's argument.

Maderious Cash argued the evidence of his prior assaults was unnecessarily prejudicial. The trial court acknowledged its duty to "weigh and balance the probative value versus the prejudicial [effect]" of the evidence in light of current precedent. RP at 87. The trial court found the State established the prior acts by the preponderance of the evidence. The court expressly identified the purpose of the evidence was to show a common scheme or plan and impliedly identified a purpose as rebutting an argument that the delay in reporting showed Maryiah Wright fabricated her story. The court mentioned the need to balance the probative value and prejudicial effect of the evidence. The court gave thoughtful consideration of the issue, as shown by his reference to relevant precedent. The record is sufficient for appellate review, and any purported omission in the analysis is not reversible error.

Since the trial court identified the correct legal standard for ER 404(b), we review the court's ruling for an abuse of discretion.

9

*Delay in Reporting*

The trial court allowed the testimony of the prior acts for two reasons (1) to explain Maryiah Wright's delay in reporting the crime or (2) to show a common scheme or plan. Maderious Cash argues neither reason was sufficient to justify admission of the evidence.

Evidence of earlier physical assaults is relevant to rebut evidence presented by a defendant that abuse did not occur. *State v. Wilson*, 60 Wn. App. 887, 890, 808 P.2d 754 (1991). The evidence is proper to show why the victim never earlier reported the abuse and was unable to resist or escape the abuse out of fear of the defendant. *Wilson*, 60 Wn. App. at 890. In *Wilson*, the Court of Appeals affirmed the trial court's admission of evidence of prior assaults upon the victim.

Although Maderious Cash did not testify that Maryiah Wright fabricated her testimony, Cash's closing argument insinuated that the February 22 assault did not occur since Wright waited three days to report the incident. Without Wright's testimony to the prior incidents, Cash's portrayal of Wright's delayed reporting could have gained unwarranted credibility. We hold that the trial court did not abuse its discretion when it admitted Wright's testimony. Because we affirm on this ground, we need not address whether the evidence was admissible to show a common scheme or plan.

*Probative Value of the Evidence Against its Prejudicial Effect*

In his final argument in support of excluding the evidence of prior acts, Maderious

Cash contends the prejudicial effect of Maryiah Wright's testimony to the prior three

confrontations substantially outweighed its probative value. Cash likens his case to *State*

*v. Escalona*, 49 Wn. App. 251, 742 P.2d 190 (1987).

In *Escalona*, the State charged Alberto Escalona with second degree assault for

allegedly threatening another person with a knife. The trial court granted Escalona's

motion in limine to preclude any mention of a prior conviction for the same crime.

Nevertheless, at trial, the State's primary witness mentioned the conviction in the

presence of the jury. Division One of this court reversed the case and remanded for a

new trial, noting the seriousness of the irregularity and the weakness of the State's case.

This case on appeal is distinct. *Escalona* concerned a prior conviction, whereas

Maryiah Wright testified to prior incidents of abuse. In *Escalona*, the trial court initially

exercised her discretion in excluding the evidence and a witness violated the order in

limine. Our trial court exercised his discretion in favor of allowing the evidence. The

evidence of Escalona's guilt was weak. Our trial court offered a limiting instruction,

which Cash refused.

We hold that the trial court did not abuse it discretion when it found that the probative value of the testimony of prior misconduct outweighed any prejudice.

*Statement of Additional Grounds (SAG)*

In his SAG, Maderious Cash raises three assignments of error. First, Cash claims Maryiah Wright told his attorney that she was under the influence of drugs on February 22, but the trial court would not allow counsel to ask her about the drug use. Nothing in the record indicates that defense counsel could not ask Wright about her drug use on February 22 or otherwise. Second, Cash claims Wright lied when she told his attorney that he threatened her with a stick. Cash does not explain how this alleged prevarication impacted his trial, particularly since Wright told the information to the attorney not the jury. Third, Cash claims that Wright fabricated the blood-stained, torn shirt she brought to trial. Cash asserts the shirt was clean and without slits the last time he saw it. Cash provides no citations to the record or other evidence to support this last claim; nor does he raise a legal basis for relief. We deny Maderious Cash's additional assignments of error.

CONCLUSION

We affirm Maderious Cash's convictions for assault in the fourth degree and unlawful imprisonment.

No. 32153-3-III
*State v. Cash*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____            _____
Brown, J.                                   Siddoway, C.J.