IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33344-2-III |
| Respondent, | ) | (Consolidated with |
| | ) | No. 33345-1-III) |
| v. | ) | |
| | ) | |
| MICHAEL CURTIS COLLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Michael Colley appeals his five Franklin County convictions, primarily raising evidentiary challenges. Although we agree that there was error, none of it was harmful and we affirm the convictions.

## FACTS

This appeal arises from an incident in which Mr. Colley was apprehended driving a stolen vehicle; some of the contents of the vehicle form the basis for many of the evidentiary issues presented here. We address the facts (typically in conjunction with the argument) and the issues in a somewhat cursory manner since we intend this opinion to be non-precedential.

When stopped, Mr. Colley presented the driver's license for Christopher Brunetti, but when questioned by the officer said his first name was "Carlos." The passenger, Adel Estrada, also gave a false name to the officer. Both were arrested and a warrant was

obtained to search the stolen vehicle. Deputies discovered two guns, ammunition, Camel Crush cigarettes, a ski mask, and miscellaneous other items including a receipt from a local Walgreens store. These items were all admitted into evidence at trial.

An Adams County deputy sheriff discovered a Hyundai with a broken window a few days after Colley had been arrested in Franklin County. Inside was paperwork for Adel Estrada, a box of Camel Crush cigarettes, and mail from 31 individuals or businesses, including Mr. Brunetti. The prosecutor sought to admit this "404(b)" evidence at trial. After hearing argument and defense objection, which was renewed at trial, the trial court admitted the Adams County information. The court did not explain its reasoning in admitting this evidence.

A jury convicted Mr. Colley of felony counts of unlawful possession of a firearm, identity theft, and possession of a stolen vehicle, and misdemeanor counts of possession of stolen property and making a false statement to a public servant. He received concurrent sentences, the longest of which was twelve months for the weapons count. He timely appealed to this court.

## ANALYSIS

Mr. Colley contends that the court erred in admitting the Walgreens receipt, some of the other items in the stolen car, the Adams County evidence, and in questioning about Ms. Estrada. After noting the standards of review for these challenges, we address those claims in the noted order.

2

Initially, we note the appellate review standards governing evidentiary challenges. Evidentiary rulings, including those under ER 404(b), are reviewed for abuse of discretion. *State v. DeVincentis*, 150 Wn.2d 11, 17, 74 P.3d 119 (2003). Discretion is abused if it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). In order to present an evidentiary argument on appeal, the party must have challenged the admission of evidence at trial on the same grounds that it raises on appeal. *State v. Guloy*, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985). As explained in *Guloy*:

> As to statement (d), counsel objected but on the basis that it was not proper impeachment nor was it within the scope of redirect. A party may only assign error in the appellate court on the specific ground of the evidentiary objection made at trial. Since the specific objection made at trial is not the basis the defendants are arguing before this court, they have lost their opportunity for review.

*Id.* (citation omitted).

Evidence of other bad acts is permitted to establish specific purposes such as the identity of an actor or the defendant's intent or purpose in committing a crime. ER 404(b). Those purposes, in turn, must be of such significance to the current trial that the evidence is highly probative and relevant to prove an "essential ingredient" of the current crime. *State v. Lough*, 125 Wn.2d 847, 863, 889 P.2d 487 (1995). Evidence admitted under ER 404(b) is considered substantive evidence rather than impeachment evidence. *State v. Laureano*, 101 Wn.2d 745, 766, 682 P.2d 889 (1984), *overruled in part by State*

3

*v. Brown*, 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906 (1990); *State v. Wilson*, 60 Wn. App. 887, 891, 808 P.2d 754 (1991).

When considering ER 404(b) evidence, the proponent of the evidence must first convince a trial court by a preponderance of the evidence that the "misconduct" actually occurred. *Lough*, 125 Wn.2d at 853. A trial court may conduct a hearing to take testimony, but is not required to do so. *State v. Kilgore*, 147 Wn.2d 288, 294-295, 53 P.3d 974 (2002). If the court determines that the misconduct occurred, the court then must identify the purpose for which the evidence is offered, determine whether the evidence is relevant to prove an element of the offense, and weigh the probative value of the evidence against its prejudicial effect. *Lough*, 125 Wn.2d at 853. The court may then admit the evidence subject to a limiting instruction telling the jury the proper uses of the evidence. *Id.* at 864.

The admission of other "bad acts" evidence under ER 404(b) does not present a constitutional issue. *Dowling v. United States*, 493 U.S. 342, 352, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990). Nonconstitutional error is harmless if, within reasonable probability, it did not affect the verdict. *State v. Zwicker*, 105 Wn.2d 228, 243, 713 P.2d 1101 (1986).

*Walgreens Receipt*

The Walgreens receipt showed that purchases, including Camel Crush cigarettes, had been recently made at a store close to where the vehicle was stopped. The other items listed on the receipt also were found in the car and Ms. Estrada admitted that she and the

4

defendant had purchased items at the Walgreens that evening. During argument, the prosecutor used the receipt to indicate the time the defendant had been at the store.

Mr. Colley argues that the receipt was hearsay and should have been excluded on that basis.[1] We agree. The evidence was used to establish that the items on the receipt had been purchased at the nearby Walgreens shortly before the traffic stop. Since the receipt served to prove the truth of what was stated on the form, it was hearsay. ER 801(c). Business records are admitted pursuant to the statutory requirements of RCW 5.45.020. That was not done here. It was error to admit the receipt for the purpose of proving the information contained therein.

The prosecutor argues both that the document was properly authenticated and that Mr. Colley adopted the receipt as his own statement by possessing it. *See* ER 801(d)(2)(ii) (excluding from the definition of hearsay, any statement "which the party has manifested an adoption or belief in its truth."). Neither argument is persuasive. Whether something is properly authenticated is governed by ER 901 *et seq.* Hearsay is governed by the provisions of ER 801 *et seq.* and, in this case, also by RCW 5.45.020. Authentication may be required to admit a document, but authentication does not establish the foundation for admitting business records or other forms of hearsay. They present two different questions.

---

[1] He also argues that the receipt was irrelevant evidence. However, he did not challenge the item on that basis at trial and cannot now do so. *Guloy*, 104 Wn.2d at 422.

We also are not persuaded that mere possession of a document, without more, establishes that the possessor also adopted those statements as his or her own. A librarian possesses many books, but is not thereby deemed to claim all of their contents as her own statements. Instead, there must be some manifestation that the possessor intends to convey the message in the document as his own. For instance, when Mr. Colley was asked for identification, he presented Mr. Brunetti's driver's license. That act was an assertion that the contents of the document spoke for Mr. Colley. Merely having a receipt in the car, or even on his person, is not an adoptive admission.

The trial court erred in admitting the receipt to prove the contents of the writings thereon. Nonetheless, the error was absolutely harmless in this case. Ms. Estrada testified that the two had made purchases at Walgreens and the items, or photos thereof, were admitted into evidence at trial. The only information not already before the jury involved the time of the purchases. While arguably relevant, that information was of no consequence to this case. The timing of the purchase, shortly before the traffic stop, only served to confirm that the items were purchased nearby not long before the deputy stopped the couple in the stolen vehicle. If anything, the receipt inured to the benefit of Mr. Colley as it suggested he had not stolen those items.

The timing of the Walgreens purchase was not at issue in trial. Error in admitting that information was absolutely non-prejudicial.

*ER 404(b)*

Mr. Colley next argues that the trial court erred in admitting the ski mask and the evidence from the Adams County investigation. We agree that the trial court erred in failing to follow the balancing test required by ER 404(b) and that error, particularly the failure to balance on the record the probative value of the evidence against any prejudicial effect, leaves us uncertain whether the Adams County evidence was admissible. Assuming that the court erred in admitting that evidence, however, the error did not, within reasonable probability, affect the verdict.

Mr. Colley was arrested while in possession of the stolen vehicle and the other items found therein, including the weapons. He lied to the police about his identity and attempted to pass himself off as Mr. Brunetti. Thus, all five crimes were committed in the presence of the officers and were not influenced by the Adams County evidence. Indeed, the only piece of that evidence related to Mr. Colley was mail belonging to Mr. Brunetti and, possibly, the Camel Crush cigarettes. While the evidence suggested that Mr. Colley was involved with the Hyundai found in Adams County, the converse was not true. The Adams County evidence held very little significance to the Franklin County prosecution. It may have been a different story if the other evidence had been tied more closely to Mr. Colley and suggested that he was living by stealing mail, but that was not the case.

The Hyundai evidence did not, within reasonable probability, affect the verdict. Any error in admitting the evidence was not prejudicial.

7

The ski mask presents a slightly different issue. Mr. Colley argues that it was irrelevant and prejudicial. To the extent that he is arguing prejudice as an independent reason for excluding the mask per ER 403, he has waived the claim by not arguing it to the trial court. *Guloy*, 104 Wn.2d at 422. To the extent that he is arguing that the evidence was irrelevant and that he suffered prejudice therefrom, we disagree. The evidence was relevant.

Relevant evidence is admissible. ER 402. Evidence is relevant if it has "any tendency" to make a fact of consequence "more probable or less probable." ER 401. The ski mask was relevant to show knowledge on the part of Mr. Colley that the vehicle and other items were stolen. Although dependent upon a chain of inferences that would suggest Mr. Colley knew the items were stolen because he stole them, the ski mask was probative that Mr. Colley had need to hide his identity. The weight to be given this information, if any, was for the jury.

The error in admitting the ER 404(b) evidence was harmless; there was no error in admitting the ski mask into evidence.

*Questioning about Ms. Estrada*

During questioning of a deputy sheriff about the traffic stop and subsequent behavior of the occupants, the prosecutor asked if Ms. Estrada was "honest" about her identity. Defense counsel objected that the question was irrelevant since "honesty" was a jury question. The judge directed the prosecutor to set a foundation for the question.

8

After she did so by having the deputy explain the identity produced and how Ms. Estrada did not resemble that person, the prosecutor again asked the same question without objection and the deputy answered that she was not. Mr. Colley now contends that question invaded the province of the jury. In this instance, it did not.

In context, the prosecutor was simply attempting to get the deputy to explain the course of the investigation—the occupants had produced false identification and the deputy had to dig further to find their truthful identities. The question was unartful—defense counsel both explained how the prosecutor should have asked the question and later demonstrated in his questioning of Ms. Estrada—but it was not an attempt at soliciting an opinion about the credibility of Ms. Estrada's (then non-existent) testimony. She was not a scheduled witness for the State and this does not appear to be a case of preemptive impeachment of a defense witness.[2] This simply was an attempt to explain the course of events. The trial judge's ruling also suggests he heard the question in the same manner since he directed counsel to provide a foundation for the statement rather than direct the prosecutor to rephrase the question.

---

[2] Interestingly, not only did defense counsel have Ms. Estrada explain that she lied about her identity and why she did so, counsel also impeached her with several prior felony convictions. To the extent the prosecutor's question could be interpreted as calling for an opinion about Ms. Estrada's honesty, it was consistent with the defense effort to paint Ms. Estrada as the bad actor in this case.

To the extent that the question and answer could have been misconstrued as a comment on Ms. Estrada's credibility, the defense should have renewed its objection to the final question. The failure to do so arguably waives the current objection. But, even if the issue is preserved and the answer was erroneous, it was not harmful in the least. If it had been construed as an opinion about honesty, it was one that supported the defense efforts rather than harming them.

The inartful question did not prejudice the defense. None of the errors or alleged errors, individually or cumulatively, affected the fairness of the trial. The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Siddoway, J.

10