IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77518-9-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| JOSE ARCIDES FLORES-GOMEZ, | ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: April 22, 2019 |

SMITH, J. — Jose Arcides Flores-Gomez appeals his conviction for first degree rape of a child based on sexual contact with his daughter, J.F.L., when she was 11 years old. The trial court did not abuse its discretion by denying Flores-Gomez's motion for a mistrial, admitting evidence about the circumstances under which J.F.L. reported the rape to her mother, Elba Hernandez, or admitting testimony about that report from J.F.L., Hernandez, and the responding police officer. Furthermore, Flores-Gomez's defense counsel was not ineffective for failing to move for a mistrial or object to J.F.L.'s testimony implying that Flores-Gomez committed a subsequent act of sexual misconduct. Finally, cumulative error does not warrant reversal. Therefore, we affirm.

FACTS

In 2016, the State charged Flores-Gomez with first degree rape of a child. The State alleged that sometime between February 2006 and February 2007, he had sexual intercourse with J.F.L.

During the jury trial, J.F.L. testified that when she was 11 years old, she was lying on a mattress in her younger sister's bedroom when Flores-Gomez came in to say goodnight. He laid down with J.F.L.'s sister until she fell asleep and then laid down with J.F.L. Flores-Gomez then put his hand in J.F.L.'s pants and underwear and "put his fingers inside" her.

Although J.F.L. did not report the rape to anyone when it happened, Hernandez and J.F.L.'s sister and brother testified that around the time of the rape, J.F.L.'s relationship with Flores-Gomez changed and she became more distant and rebellious toward him. J.F.L. testified that she confronted Flores-Gomez about the rape when she was 18 years old and told him that she would forgive him, but that she had "better never hear that [he did] this to anyone ever again." After that, J.F.L. received a call from Hernandez in which Hernandez stated someone had accused Flores Gomez of sexual misconduct. Although J.F.L. did not disclose the content of the call with Hernandez, at trial J.F.L. testified that the call upset her and made her decide to confront her father again. J.F.L. then disclosed the rape to Hernandez, who contacted the police. Hernandez testified that Flores-Gomez admitted to her that he raped J.F.L.

The jury found Flores-Gomez guilty as charged. Flores-Gomez appeals.

## DENIAL OF MOTION FOR A MISTRIAL

Flores-Gomez argues that the trial court erred by denying his motion for a mistrial after Hernandez violated a ruling in limine by referring to a recording of Flores-Gomez. We disagree.

2

We review a trial court's denial of a mistrial for abuse of discretion. State v. Emery, 174 Wn.2d 741, 765, 278 P.3d 653 (2012). "There is an abuse of discretion when the trial court's decision is manifestly unreasonable or based upon untenable grounds or reasons." State v. Brown, 132 Wn.2d 529, 572, 940 P.2d 546 (1997). A mistrial is required when a defendant has been so prejudiced by a trial irregularity that only a new trial can ensure that the defendant will be tried fairly. State v. Johnson, 124 Wn.2d 57, 76, 873 P.2d 514 (1994). On appeal, we determine whether a mistrial should have been granted by considering (1) the seriousness of the trial irregularity, (2) whether the trial irregularity involved cumulative evidence, and (3) whether a proper instruction to disregard the irregularities cured the prejudice against the defendant. Johnson, 124 Wn.2d at 76.

Here, Flores-Gomez successfully moved in limine to exclude a recording made by J.F.L. without Flores-Gomez's permission. In that recording, Flores-Gomez stated, "'I know what I did and I know I'm going to pay for it somehow.'" Hernandez improperly referred to this recording during her testimony when asked what Flores-Gomez said to her when she confronted him about J.F.L.'s allegations:

> At the beginning, he refused to admit it, but I told him that it was better for him to tell me the truth, because I was going to be calling the police. Then he said, "Okay, I'm going to let you know, but I don't want you to call the police." And that's when he told me, but he didn't tell me everything that he did to my daughter until I heard the recording that –

Defense counsel immediately objected, and the trial court sustained the objection. The prosecutor asked two additional questions, neither of which

3

referenced the recording. During a break outside the presence of the jury, defense counsel moved for a mistrial, arguing that the disclosure was prejudicial to Flores-Gomez. The trial court agreed that Hernandez's reference to the recording violated the ruling in limine. But it denied the motion for a mistrial because Hernandez's testimony did not inform the jury about the content of the recording and the trial was not so tainted that Flores-Gomez could not receive a fair trial.

The trial court did not abuse its discretion in denying the motion for a mistrial. While Hernandez's violation of the ruling in limine was a trial irregularity, it was not a serious irregularity because she did not provide any details as to what was in the recording. No one testified that a recording was made of Flores-Gomez. The only recording that jurors knew about was a defense interview of J.F.L., which the jury could have assumed was the recording Hernandez referenced. Because there was no other evidence of the recording presented, the limited reference to the recording did not prejudice Flores-Gomez.

Flores-Gomez argues that the violation of the ruling in limine was a serious trial irregularity because "the introduction of the existence of a recording that corroborate[d] J.F.L.'s allegations was extremely serious." But Hernandez did not describe the content of the recording, so the jury was not aware that it was a recording that corroborated J.F.L.'s allegations. Without this crucial piece of information, there was no prejudice to Flores-Gomez by the mere mention of a recording.

4

ADMISSION OF EVIDENCE ON TIMING OF REPORT

Flores-Gomez argues that the trial court erred by admitting evidence explaining why J.F.L. confronted Flores-Gomez and disclosed the rape to Hernandez many years after it occurred. We disagree.

"We review a trial court's decisions as to the admissibility of evidence under an abuse of discretion standard." State v. Pirtle, 127 Wn.2d 628, 648, 904 P.2d 245 (1995). "There is an abuse of discretion when the trial court's decision is manifestly unreasonable or based upon untenable grounds or reasons." Brown, 132 Wn.2d at 572.

Although "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," it may be admissible for some other proper purpose. ER 404(b). For evidence of other bad acts to be admissible, the trial court must find by a preponderance of the evidence that the misconduct occurred, identify the purpose for which the evidence is to be introduced, determine whether the evidence is relevant to an element of the crime charged, and weigh the probative value against the prejudicial effect. State v. Gunderson, 181 Wn.2d 916, 923, 337 P.3d 1090 (2014). Where ER 404(b) evidence is admitted against a defendant for a limited purpose, the trial court is not required to issue a limiting instruction, unless such instruction is requested by the defendant. State v. Russell, 171 Wn.2d 118, 122-23, 249 P.3d 604 (2011).

Here, Flores-Gomez moved in limine to exclude evidence of his alleged improper conduct against his daughter-in-law, which was communicated to J.F.L.

by Hernandez. The State opposed the motion, arguing that Flores-Gomez's misconduct against his daughter-in-law should be admitted to explain why J.F.L. disclosed her own rape to her mother years after it occurred. The trial court granted the motion in part, explaining that while the underlying facts of the allegation were irrelevant, highly prejudicial, and inadmissible, evidence that J.F.L. was told something by Hernandez could be offered for the limited purpose of explaining what led to J.F.L.'s disclosure of the rape.

At trial, J.F.L. testified that when she was 18, she confronted Flores-Gomez about the rape and told him that she remembered what he did to her when she was 11. She later told him, "'I will forgive you, but I better never hear that you do this to anyone ever again.'" The State then asked:

Q    Okay. Do you remember getting a call from your mother?
A    Yes.
Q    And did that call make you angry?
A    Yes. It made me angry and sad.
Q    Okay.
A    And it, it just made, like, yeah, it just made me really angry and sad and it made me feel really bad.
Q    Okay. And did you decide that you needed to confront your dad again?
A    Yes.
. . . .
Q    Okay. And when you confronted him, did you discuss what he had done to you when you were 11?
A    When I confronted him again?
Q    Um-hmm.
A    Sort of, not the same way that I did the first time. I didn't ask him, oh, why did you do those things to me? The only reason it was brought back up was because the phone call had to do with –
Q    Well, hold on.
A    – something, yeah.
Q    So the phone call kind of triggers your –
A    Yeah.
Q    – wanting to confront him again?

6

A    Yeah.
Q    Okay.  And when you're confronting him again –
A    Um-hmm.
Q    – what's his response as far as all that?
A    Well, when I confronted him again, I just asked him, "Do you remember what we talked about?"  And he said yes.  And I was like, "What did I say?  What did we talk about?"

At that point, defense counsel asked to make a motion outside of the presence of the jury.  Once the jury was excused, defense counsel argued that although the line of questioning did not expressly violate the court's ruling in limine because it did not elicit the details of J.F.L.'s conversation with Hernandez, it did violate the spirit of the order.  The trial court confirmed with the prosecutor that there would be no further questions about J.F.L.'s confrontation with Flores-Gomez and agreed with defense counsel that the ruling in limine was not explicitly violated. Defense counsel did not request an instruction clarifying that J.F.L.'s testimony about her conversation with Hernandez could only be considered for the limited purpose of explaining the reason for her disclosure of the rape.

J.F.L.'s testimony did not violate the ruling in limine because she did not disclose the underlying facts of the daughter-in-law's allegations.  But her testimony did raise a reasonable inference that Flores-Gomez committed sexual misconduct against some other person because it strongly implies that she believed Flores-Gomez broke his promise not to do "this" to anyone else again. But even assuming that the testimony was improper evidence of Flores-Gomez's propensity to commit sexual misconduct, he waived any alleged error by failing to ask for an instruction limiting the purpose of this evidence.  "'A party's failure to request a limiting instruction constitutes a waiver of that party's right to such an

instruction and fails to preserve the claimed error for appeal.'" State v. Wilcoxon, 185 Wn. App. 534, 542, 341 P.3d 1019 (2015) (quoting State v. Newbern, 95 Wn. App. 277, 295-96, 975 P.2d 1041 (1999)), aff'd, 185 Wn.2d 324, 373 P.3d 224 (2016). Therefore, reversal is not warranted.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Flores-Gomez argues that defense counsel was ineffective for failing to object to or request a mistrial after J.F.L.'s testimony that implied Flores-Gomez committed sexual misconduct against another individual. Because the testimony was admitted for a proper purpose and it is unlikely the court would have granted an objection or request for a mistrial, we disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). To establish prejudice, a defendant must show that there is a reasonable probability that the result of the trial would have been different absent the challenged conduct. Strickland, 466 U.S. at 694. "[T]here is no ineffectiveness if a challenge to admissibility of evidence would have failed." State v. Nichols, 161 Wn.2d 1, 14-15, 162 P.3d 1122 (2007).

State v. Wilson, 60 Wn. App. 887, 808 P.2d 754 (1991), is instructive here. In that case, the defendant appealed his convictions for statutory rape and indecent liberties against a 13-year-old victim. Division II of this court held that

8

the trial court did not abuse its discretion in admitting evidence of the defendant's physical assaults against the victim. Wilson, 60 Wn. App. at 891. The court explained that evidence of the assaults was not offered to show that the defendant "had a violent character or to show that he acted in conformity with that character" but instead to "explain the delay in reporting the sexual abuse and to rebut the implication that the molestation did not occur." Wilson, 60 Wn. App. at 891.

Here, as in Wilson, evidence that J.F.L. believed Flores-Gomez broke his promise to her never to do "this" to anyone else was not offered to prove that Flores-Gomez had a propensity for sexual abuse and acted in conformity with that propensity. Rather, it was offered to explain why J.F.L. disclosed the rape to Hernandez when she did. Because the evidence was properly admitted for this purpose, it is unlikely that the trial court would have granted a motion for a mistrial or an objection had defense counsel made one. This conclusion is supported by the fact that the trial court expressly stated J.F.L.'s testimony did not violate the ruling in limine. For these reasons, Flores-Gomez cannot show that defense counsel's performance was deficient and we need not address whether he suffered prejudice. His ineffective assistance of counsel claim fails.

HEARSAY EVIDENCE

Flores-Gomez argues that the trial court abused its discretion in admitting both J.F.L.'s disclosure of the rape to Hernandez and Hernandez's disclosure of the rape to law enforcement because the testimony was inadmissible hearsay. We disagree.

9

"We review a trial court's decisions as to the admissibility of evidence under an abuse of discretion standard." Pirtle, 127 Wn.2d at 648. "There is an abuse of discretion when the trial court's decision is manifestly unreasonable or based upon untenable grounds or reasons." Brown, 132 Wn.2d at 572.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. ER 801(c). Hearsay is inadmissible unless it falls within an exception to the rule. ER 802.

Flores-Gomez cites three pieces of testimony that he argues were improperly admitted hearsay. The first is from the police officer who responded to Hernandez's police call. The officer testified, "Well, when I arrived on-scene, [Hernandez] said that she had just recently received –" and defense counsel immediately objected. The trial court ruled that what Hernandez told the officer was hearsay and that the officer could only "say what the general nature is but not what she said specifically." The prosecutor then asked him what the general nature of the information Hernandez gave him was and he responded, "The general information was that her husband had assaulted their daughter."

"'When a statement is not offered for the truth of the matter asserted but is offered to show why an officer conducted an investigation, it is not hearsay and is admissible.'" State v. Chenoweth, 188 Wn. App. 521, 533, 354 P.3d 13 (2015) (quoting State v. Iverson, 126 Wn. App. 329, 337, 108 P.3d 799 (2005)). Here, the prosecutor stated the officer's testimony was not offered to prove that Flores-Gomez assaulted J.F.L., but rather to explain how the officer conducted his investigation. For this reason, it was not hearsay and was properly admitted.

Flores-Gomez argues that this testimony was improperly admitted under the fact-of-complaint doctrine, an exception to the hearsay rule. That exception "allows the prosecution in sex offense cases to present evidence that the victim complained to someone after the assault. But '[t]he rule admits only such evidence as will establish that the complaint was timely made.'" Chenoweth, 188 Wn. App. at 532 (alteration in original) (footnote omitted) (quoting State v. Ferguson, 100 Wn.2d 131, 135-36, 667 P.2d 68 (1983)). The rule excludes "evidence of the details of the complaint, including the identity of the offender and the nature of the act." Ferguson, 100 Wn.2d at 136. Flores-Gomez argues that the officer's testimony exceeded the scope of the fact-of-complaint doctrine because the officer identified Flores-Gomez as the offender and identified the nature of the act complained of. But the prosecutor specified that the officer's testimony was offered to explain the officer's investigation. It was not offered to corroborate J.F.L.'s account by demonstrating that she made a complaint. Therefore, the fact-of-complaint doctrine is not applicable here and was not violated.

Flores-Gomez also argues that the police officer's testimony was improperly admitted because it contained hearsay within hearsay. Hearsay within hearsay is inadmissible unless both forms of hearsay are subject to one of the hearsay exceptions. ER 805. We agree that the admission of the officer's testimony was error on this basis. But Flores-Gomez cannot show that he was prejudiced by its admission because J.F.L. testified that Flores-Gomez raped her

11

and Hernandez testified that Flores-Gomez admitted to the rape. Therefore, reversal is not warranted.

The remaining statements identified by Flores-Gomez as inadmissible hearsay are not hearsay statements. During J.F.L.'s testimony, the prosecutor asked her if, after confronting her father the second time and asking him to leave the home, she told Hernandez about the rape. J.F.L. responded, "Yeah. That's why I asked him to leave, because I felt like I needed to tell my mom." Then, during Hernandez's testimony, the prosecutor asked Hernandez if J.F.L. "disclosed to you what she came to talk about here today?" Hernandez responded, "Yes." These statements were not hearsay because neither J.F.L. nor Hernandez relayed any out-of-court statement in their testimony. Therefore, both were properly admitted.

## CUMULATIVE ERROR

Flores-Gomez argues that cumulative error deprived him of a fair trial. We disagree.

The cumulative error doctrine applies when several trial errors occur that "standing alone may not be sufficient to justify reversal but when combined may deny a defendant a fair trial." State v. Greiff, 141 Wn.2d 910, 929, 10 P.3d 390 (2000). It does not apply where the errors are few and have little or no effect on the outcome of the trial. Greiff, 141 Wn.2d at 929.

As described above, Hernandez did improperly testify that there was a recording and the police officer's statement regarding the reason for his investigation did contain hearsay within hearsay. But it is unlikely that this

testimony, even combined, denied Flores-Gomez a fair trial. J.F.L. testified in detail that Flores-Gomez raped her when she was 11 years old. She also explained why she did not immediately report the rape. Other members of J.F.L.'s family testified that J.F.L.'s relationship with her father changed around the time of the rape, and Hernandez testified that Flores-Gomez admitted to her that he raped J.F.L. Given this evidence of Flores-Gomez's guilt, it is unlikely that the errors described above had any effect on the outcome of the trial. Therefore, reversal is not appropriate.

We affirm.

WE CONCUR:

13